

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 2, 1974

The Honorable Ron Clower
State Senator
Texas State Senate
Austin, Texas

Opinion No. H- 269
Re: Filing requirements of
Section 4 of Article 6252-9b
Vernon's Texas Civil Statutes

The Honorable Mark W. White, Jr.
Secretary of State
Capitol Building
Austin, Texas 78711

Dear Secretary White and Senator Clower:

Article 6252-9b, Vernon's Texas Civil Statutes, the 1973 Ethics Act, requires the filing of a financial statement by certain state officials designated in Sec. 3. Section 4 (a) provides that it is to include:

> ". . . the account of the financial activity
> of the person required to file the statement by
> this Act and the financial activity of his spouse
> and dependent children over which he had actual
> control for the preceding calendar year as herein-
> after provided. "

Secretary White has asked whether a husband, who is required to file a financial statement, must report the financial activities of his wife's separate property over which he had no actual control during the preceding calendar year.

Senator Clower has requested our interpretation of Sec. 4 (c) (1) of the Act which requires the report to include:

> ". . . identification of any person, business
> entity, or other organization from whom the person
> or a business in which he has a substantial interest
> received a fee as a retainer for a claim on future
> services in case of need (as opposed to a fee for
> services on a matter specified at the time of
> contracting for or receiving the fee), whenever
> professional or occupational services were not
> actually performed during the reporting period
> commensurate to or in excess of the amount of
> the retainer, and the category of the amount of
> the fee;"

Article 6252-9b, V.T.C.S., was enacted as House Bill 1 of the 63rd Legislature (Acts 1973, 63rd Leg., ch. 421, p. 1086) and was the first of ten bills comprising the reform package offered by the leadership of the House of Representatives.

Section 1 of the Act, declaring the policy of the State, states that no state officer or employee shall have any financial interest or engage in any business transaction or professional activity "which is in substantial conflict" with the discharge of his duties. The Act, then, requires disclosure of financial affairs by some state officers (Sec. 3) and a disclosure of interests in regulated businesses by those not required to file the financial statement (Sec. 5); it requires disclosure by a board or commission member of private interests in matters before his board or commission (Sec. 6); it prohibits certain acts by members of the Legislature (Sec. 7); and it provides standards of conduct for state officers and employees (Sec. 8).

The Act was intended and designed to be comprehensive in its requirement that any private interests of decision makers be disclosed and made public to lessen the temptation to place personal gain over public duty.

Section 4 specifies the information to be included in the financial statement. Section 4 (a) could be read to require inclusion of financial

activity of the official's spouse and dependent children over whom he had actual control or, alternatively, to require disclosure only when he had actual control over the financial activity itself. In the former interpretation there might be many situations in which the official would have none of the required information and no ready means to acquire it. Our laws increasingly recognize the right of each spouse to have the "sole management, control, and disposition of his or her separate property." Section 5.21, Vernon's Texas Family Code. If "actual control" refers to the spouse (a doubtful situation, at best) or to the dependent children, the section would require the reporting of facts which well might be considered "no business" of the official. On the other hand, if "actual control" refers to the financial activity (grammatically more correct than the first alternative), then the registrant has only to report on financial activities over which he has control and of which he has knowledge, a far more reasonable interpretation.

We are of the opinion, therefore, that Section 4 requires a registrant to report on his own financial activities and on those activities of his spouse or children over which activities he exercises or has the right to exercise control.

Parenthetically, we do not interpret the Act to require "exclusive" control - it is sufficient that the registrant exercises any degree of control, legal or factual.

Section 4 (c) (1) requires a listing of all sources of occupational income including retainers "for a claim on future services in case of need" when such services have not been performed during the reporting period.

Retainers paid as a claim on future services, for which no services are actually performed concurrently, are neither uncommon nor unethical per se. See 1 Speiser, Attorneys' Fees, (1973). Chapter 1, "Retainer Contracts"; MacKinnon, Contingent Fees for Legal Services, (1964) pp. 20-21. So long as the retainer is paid in good faith for services to be rendered or, at least, for a holding ready to render such services, such a fee is a well recognized manner of employing legal counsel. On the other hand, if there is no bona fide anticipation of the rendition of services and the fee is paid to purchase influence it may constitute a violation of Chapter 36 of the Penal Code.

We construe Sec. 4 (c) (1) to require disclosure of retainer fees paid to the registrant or any other business entity in which he has a substantial business interest where, at the time of payment of the fee, services commensurate with the fee had not been rendered.

### SUMMARY

The financial statement required by Sec. 3 of Article 6252-9b, V. T. C. S., should include a statement of financial activities in property of the registrant's spouse and children where the registrant exercises actual control over such activities. It should also include, as a source of occupational income, a statement of any retainer fee received by the registrant or a business entity in which he has a substantial interest and for which no services have been rendered.

Very truly yours,

JOHN L. HILL
Attorney General of Texas


APPROVED:

Larry F. York, First Assistant

David M. Kendall, Chairman
Opinion Committee